[Department Two. — January 31, 1884.]

## SAVINGS AND LOAN SOCIETY, APPELLANT, *v.* C. P. GERICHTEN, RESPONDENT.

TENANT — REPAIRS — MORTGAGEE — ADMISSION.—In reply to a letter from the tenant of a house to a bank which held a mortgage upon the property, asking assistance in making necessary repairs, the vice-president of the bank replied that the bank was not the owner or disposed to meddle with the affairs of the house, but added, "Against the rent or use I should think you might make the mentioned repairs." The bank afterwards purchased the property at foreclosure sale under its mortgage. *Held*, that the letter did not authorize the tenant to charge the bank with the cost of the repairs, or to offset the same against a claim for rent.

EVIDENCE — DECLARATIONS — AGENCY. — The declarations of an agent are not admissible to prove his agency.

APPEAL from a judgment of the Superior Court of the county of San Diego, and from an order refusing a new trial

The facts appear in the opinion of the court.

*A. B. Hotchkiss*, for Appellant.

*Leach & Parker*, for Respondent.

THORNTON, J.— This action is brought to recover of defendant the value of the use and occupation of certain real estate situate in the city of San Diego, for a period extending from the 17th day of November, 1880, to the 17th day of May, 1881, and also for a period commencing with the day last named, and ending on the 17th day of August, 1881. Judgment was rendered for the defendant. There was a motion for a new trial by plaintiff, and an order denying it. Thereupon plaintiff appealed from the judgment and order.

The facts of the case as found by the court below are these: On the 2d day of August, 1880, a judgment was rendered in the Superior Court for the city and county of San Francisco, in an action brought by the plaintiff herein against A. E. Horton and others, defendants, among whom was the defendant herein, in favor of plaintiff and against the defendants for the foreclosure of a mortgage made by Horton in favor of plaintiff on the 8th day of December, 1873, upon the property described in the complaint herein. On the 19th day of October, 1880, an execution was issued on the judgment, and placed in the hands of the sheriff of San Diego County, who by virtue of the same, on the 17th day of November, 1880, sold, according to law, the property above mentioned to the plaintiff, gave it a certificate of sale therefor, and on the next day filed a duplicate of the certificate in the recorder's office of the county just named. The defendant had notice of this judgment and sale. He used and occupied the premises from the 17th of November above mentioned to the 17th of May, 1881, which use the court finds was of the value of fifty dollars per month. The court also finds that plaintiff was the owner of the property from the 17th of May, 1881, to

the 18th of August, 1881 (having become such by the acquisition of the sheriff's deed on the sale above mentioned, as shown by the testimony), and that during said period last named, the defendant occupied the premises by permission of the plaintiff, and that the use of the property during such period was worth three hundred dollars; that Horton was the owner of the property from the 23d of December, 1876, to the 17th of May, 1880; that on the said 23d day of December he leased the same to the defendant for the period of two years thereafter, at the rental of fifty dollars per month, and on the 14th of April, 1880, he extended this lease to the 1st of May, 1881, on the same terms, and received the rents for the property up to the day last named; that on the 30th of July, 1879, defendant notified the plaintiff that the buildings on the property had become dilapitated and that many necessary and permanent repairs were necessary to be made to preserve the building (the Horton House) on the property and make it habitable, and demanded of the plaintiff that it should make such repairs.

The court then proceeds to find that the plaintiff failed to make these repairs, but thereafter, on the 11th day of August, 1879, and at divers and sundry times between the day named above and the 18th day of August, 1881, the plaintiff authorized and directed the defendant to make all necessary repairs on the premises on its account, the value of such repairs, however, not to exceed the value of the rents of the premises; that the value of the rents during said period up to the 17th of May, 1881, was fifty dollars per month, and for the three months thereafter, one hundred dollars per month; that at divers and sundry times between the 11th of August, 1879, and the 18th of August, 1881, the defendant, by the authority of the plaintiff as above stated, made necessary repairs on the premises of the value of one thousand four hundred dollars, of which the plaintiff has paid no part.

The court set off these repairs against the use and occupation of the premises, during the periods mentioned in the complaint, and gave defendant judgment for costs.

It is urged here by plaintiff that there was no direction or authority to make these repairs given to any one by it, as found by the court, and that the evidence is insufficient to sustain such

finding. We are of opinion that this contention is maintained. The evidence relied on to sustain the finding consists of a letter from E. F. Northam, vice-president of the plaintiff, to the defendant, bearing date, the 11th day of August, 1879, and the testimony of defendant and Horton. It will be observed that Northam's letter bears date nearly a year before the judgment was rendered in the foreclosure suit, when the plaintiff was not the owner of the property, and no one could say with any certainty that it would ever become the owner. Horton was the owner and landlord of defendant, and was in San Diego where this property was situated and where defendant resided. This letter was in reply to one from the defendant in relation to these repairs. So far as it refers to this subject its contents are as follows : " The mortgage covering the Horton House does not authorize the making of repairs. It is not yet in judgment owing to delay in serving some defendants, but probably will be soon. Until sale under the judgment it is not certain that this bank will become the owner. In the mean time the bank is not disposed to interfere with the affairs of the house; but against the rent or use I should think you might make the mentioned repairs."

The defendant says in his testimony: " I was governed by this letter all the time." We cannot see in the words above quoted any authority to make these repairs. On the contrary, there is a careful avoidance of committing plaintiff to any such authority. The last clause in the letter gives utterance to an opinion of the writer speaking for himself and not for the plaintiff, and this certainty does not bind the plaintiff or give any direction on the subject to which it pertains.

Except the above letter, no communication appears to have been had with plaintiff, until after the sale under the foreclosure judgment, which, as seen above, occurred on the 17th of November, 1880. Horton testified that he saw the directors in relation to this property after the sale took place. At that time most of the repairs had been made. The account presented by the defendant showed that the repairs made when the sale took place amounted to about one thousand six hundred and fifty dollars. The conversation between Horton and the directors was in regard to the condition of the property. The repairs

that had been made by defendant were spoken of. But we do not find in this conversation any authority to any one to allow for such repairs or to authorize any to be made. Horton did not pretend to act for the defendant. It does not appear that he had any authority to act for him. Nor does it appear that he was authorized by the plaintiff to act for it in making any agreement with defendant, as to repairs, or that he ever did act for it or assume to act for it in any way. There is no testimony whatever, that he ever communicated the conversation had with the directors to the defendant. The conversation shows no admission by the directors that the plaintiff was bound for any such repairs or had in any way authorized them, or ever intended to authorize any repairs to be made. Besides, a corporation does not usually act in such a loose manner in making contracts. They are usually made by a resolution of the board of directors, adopted and entered in their minutes. This testimony of Horton is too loose and unsatisfactory to charge the plaintiff upon it.

As to the testimony of the defendant: He never saw the president and directors of plaintiff until May, 1881. In his conversation with them, no agreement was come to. He states that they refused him a lease, and further stated: " The house needed repairing, and they wanted to know the expense that would be. I showed them a statement which made it come to three or four thousand dollars. They said that was more money than they would spend. I said, 'We can't do it for much less; come down and look at the premises.' And they promised they would send a man down. Mr. King promised faithfully he would come. Mr. Boswell, who was a director, came on the 4th of July. He said he would give no lease, and he had come down specially about this property." But it nowhere appears that Boswell had any authority from the plaintiff to allow for repairs already made, or to direct repairs to be made. It would not be a just inference from Boswell's saying that "he had come down specially about this property," that he had any such authority. Besides, Boswell's authority could not be proved by his declarations. Such evidence is not admissible to prove an agent's authority. If it tended to prove his authority, the plaintiff moved to strike it out, and excepted

to the ruling of the court denying the motion. So far as it proved any authority in Boswell to act in regard to repairs, the court erred in letting it in.

There is testimony by defendant that in the conversation deposed to by him, they (the directors) said they would allow him to spend five hundred dollars on the sewer. How much was spent on the sewer does not appear in the findings, and does not clearly appear in the testimony. Nor does it appear at all whether this allowance of five hundred dollars referred to repairs on the sewer made before this conversation or to such as should be subsequently made. Under these circumstances, we cannot discern if any allowance should be made for repairing the sewer what this sum should be. We cannot therefore direct what judgment should be entered.

The result to which we are led by the foregoing is that the finding of the court as to the authority of defendant to make these repairs above stated, is not sustained by the evidence and a new trial must therefore be directed. In this state of the case, we do not think it necessary to pass on the other questions argued.

The judgment and order are reversed and the cause remanded for a new trial.

MYRICK, J., and SHARPSTEIN, J., concurred.